IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60659
Summary Calendar
_____

JIMMY D. GILES,

                                        Plaintiff-Appellant,

versus

THE UNIVERSITY OF MISSISSIPPI; ROBERT
KHAYAT; BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING; RICKI
R. GARRETT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CV-125-P-A
--------------------
May 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Jimmy D. Giles appeals the district court's summary-judgment dismissal of his civil rights lawsuit, which challenged the constitutionality of a ban on flagstaffs at sporting events imposed by the University of Mississippi.

        Giles argues that the district court erred in striking a law-review essay and several news accounts he submitted.  Giles has shown no manifest error in the district court's evidentiary ruling.

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>Berry v. Armstrong Rubber Co.</u>, 989 F.2d 822, 824 (5th Cir. 1993).

Giles argues that the district court erred in granting summary judgment to the defendants. Having reviewed the record, we cannot agree. See <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991). We conclude that the ban on flagstaffs did not impinge on expressive conduct protected by the First Amendment. See <u>Jones v. Collins</u>, 132 F.3d 1048, 1054-55 (5th Cir. 1998). Even if it did, the ban would pass muster under <u>United States v. O'Brien</u>, 391 U.S. 367, 377 (1968).

Giles attempts to raise arguments, concerning a due-process claim and the district court's dismissal of the Board of Trustees of State Institutions for Higher Learning, for the first time in his reply brief. By not making these arguments in his initial brief, he waived them. See <u>United States v. Bullock</u>, 71 F.3d 171, 178-79 (5th Cir. 1995). Further, Giles has waived any appeal against the Board of Trustees and Ms. Garrett by failing to brief their involvement in the facts underlying this case.

**AFFIRMED.**